FILED

ⁱ JUL 0 1 2019

TIMOTHY M. O'BRIEN CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Monica Green                              )
                                          )
                                          )
                                          )
_____          )
(Enter above the full name of the Plaintiff(s)  )
                                          )
vs.                                       )   Case Number: 2:19-CV- 2359-KHV - TJJ
                                          )
Kansas City Juvenile Court                )
_____          )
Name                                      )
711 Armstrong Ave                         )
_____          )
Street and number                        )
Kansas City KS 66101                      )
_____          )
City        State        Zip Code         )

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

**CIVIL COMPLAINT**

I.      Parties to this civil action:

        (In item A below, place your name in the first blank and place your present address in the
        second blank.  Do the same for additional plaintiffs, if any, on an attached sheet of paper).

        A.      Name of plaintiff Monica Green
                _____

                Address  3145 Coronado Rd Kansas City KS 66104
                _____

                _____

                _____

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B.    Defendant _Kansas City Juvenile Court_____ is

employed at _District Court of Wyandotte County Kansas Juvenile_

_Department_____

C.    Additional Defendants _____

_____

_____

II.    Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A.    (If Applicable) Diversity of citizenship and amount:

1.    Plaintiff is a citizen of the State of __Kansas__.

2.    The first-named defendant above is either

a.    a citizen of the State of ___Kansas___; or

b.    a corporation incorporated under the laws of the State of ___Kansas___ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

3.    The second-named defendant above is either

a.    a citizen of the State of _____; or

b.    a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for

2

each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B.   (If applicable)  Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

    _____  1.   This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article\_\_\_\_\_, Section\_\_\_\_\_; Statute, US Code, Title\_\_\_\_\_, Section\_\_\_\_\_.

✓ 2.   This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

    _____  3.   Other grounds (specify and state any statute which gives rise to such grounds):

_____

_____

_____

_____

III.   Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief.  State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s).  Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph.  Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

Wyandotte County Juvenile Department publicized in print false and/or malicious statements about Monica Green which is Intentional Tort defamation of character making a statement about a person that constitutes defamation of the individuals character which is libel that is any publication in print, writing, pictures, or signs that injures the reputation of a person.

_____

_____

_____ .

IV.     Relief:

        (State briefly exactly what judgement or relief you want from the Court.  Do not make
        legal arguments.)

        Intentional Infliction of emotional Distress, Libel defamation of characte making
        false and or malicious statements, damage to reputation through written or
        spoken words.

        _____ .

V.      Do you claim the wrongs alleged in your complaint are continuing to occur at the present
        time?   Yes [ ]   No [✓]

VI.     Do you claim actual damages for the acts alleged in your complaint?     Yes [✓]     No [ ]

VII.    Do you claim punitive monetary damages? Yes [✓]   No [ ]

        If you answered yes, state the amounts claimed and the reasons you claim you are
        entitled to recover money damages.

        600.000 Intentional Tort publicized in print false and/or malicious statements.
        Intentional Infliction of emotional distress, humiliate, severe anxiety, attracting
        undue attention, highly objectionable, embarrassment.

        _____

        _____

        _____

        _____

4

VIII.   Administrative Procedures:

    A.   Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency? Yes [  ]  No [✓]

    B.   If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

_____

_____

_____

    C.   If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

_____

_____

_____

IX.   Related Litigation:

Please mark the statement that pertains to this case:

_____   This cause, or a substantially equivalent complaint, was previously filed in this court as case number _____ and assigned to the Honorable Judge _____.

___✓___   Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

_____
Signature of Plaintiff

Monica A. Green
_____
Name (Print or Type)

5

3145 Coronado Rd
_____
Address

Kansas City KS 66104
_____
City        State        Zip Code

913-283-7254
_____
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ☐Wichita,  ☑Kansas City    or   ☐Topeka  , Kansas as the location for the
                              (check one location)
trial in this matter.

_Monica A. Green_
_____
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury  ☑yes  ☐no .
                                   (check one)

_Monica A. Green_
_____
Signature of Plaintiff

Dated: _OG - 28 - 19_
(Rev. 8/07)

6

# Additional Information

Wyandotte County Juvenile Department did not have enough information to rule a child sexually abuse case against Monica Green. The Child Protection Service did not provide an appropriate protocol by contact the police to interview the accurse to gather evidence related to the investigation to determine if a criminal offence had occurred and to identify the perpetrator of that offence. It is a police function to investigate a criminal offence and to identify the suspect. After the interview the police will disclose to the child protection social worker relevant information obtained from the suspect that would aid in the child protection investigation which there is no documentation of this information on fill with child protection service or Wyandotte county juvenile department. There was no medical examination there was no detail investigation or report. Furthermore, A. G.          Monica Green son never disclosed to his maternal grandmother that his Maternal grandfather had sexual abused him. A. G.          did not make a statement in court or the sunflower house recorded video that his maternal grandfather had sexual abused him. Therefore, I Monica Green feel that an Intentional Tort occurred defamation of my character making false and or malicious statement and, slander & libel.

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**JUVENILE DEPARTMENT**

In the Matter of

A.G.          DOB:   xx/xx/2009

A female under the age of 18 years.

To:     Monica A Green, Parent
        3145 Coronado Road
        Kansas City, KS 66104

┌─────────────────────────────┐
│   FOR CLERK'S USE ONLY        │
│                               │
│                               │
│                               │
│                               │
│                               │
│                               │
└─────────────────────────────┘

**SUMMONS**
**(Mail)**          **2017-JC-000320**

A motion has been filed in this court, a copy of which is attached.

On Monday, November 05, 2018, at 01:30 PM you are required to appear before this court at 711 Armstrong, Kansas City, Kansas or prior to that time file your written response to the motion with the clerk of this court.

Failure to respond or to appear before the court at the above time will not prevent the court from entering judgment that above named child is a child in need of care if it finds judgment should be granted and removing the child from the custody of parent, parents or any other present legal custodian until further order of the court. The court may order one or both parents to pay child support. If, after a child has been adjudged to be a child in need of care, the court finds a parent or parents to be unfit, the court may make an order permanently terminating the parent's or parents' parental rights.

James E Carpenter an attorney has been appointed as guardian ad litem for the child. Each parent or legal custodian has the right to appear and be heard personally either with or without and attorney. The court will appoint an attorney for any parent who is financially unable to hire one. If you have questions, please call 913-573-4191.

                              Kathleen M Collins
                              Clerk of the District Court

Date: 8/1/2018

                    By _____ , Deputy
                              Juvenile Department

*********************************** **CERTIFICATE OF MAILING** ***********************************

I hereby certify that on Wednesday, August 01, 2018 I mailed a true copy of this summons to Monica A Green at 3145 Coronado Road,  Kansas City, KS, 66104 by certified mail, receipt # 7005 1160 0001 2968 5951, requesting a return receipt signed by the addressee only.

                              Clerk of the District Court
Date: 8/1/2018
                    By _____ , Deputy

*****************************************************************************************************

ELECTRONICALLY FILED
2018 Jul 31 PM 4:10
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2017-JC-000320

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

## JUVENILE DEPARTMENT

| IN THE INTEREST OF: | DOB: | CASE NO: |
|---|---|---|
| A.G. | xx/xx/2009 | 17JC320 |

## MOTION FOR TERMINATION OF PARENTAL RIGHTS

COMES NOW Ashley Hutton, Assistant District Attorney, and pursuant to K.S.A. 38-2266, moves the Court for an Order terminating the parental rights of Monica Green, mother, and Michael Vassar, father of *A.G.* in and to their respective minor child.

In support hereof, the State would show to the Court the following:

1. The subject child was removed from the home and placed in the custody of DCF on August 3, 2017.

2. The subject child was adjudicated in need of care on November 11, 2017.

3. Subsequently, a disposition hearing and review hearings were held, during which the Court entered various orders designed to rehabilitate the family, which constituted a reasonable plan directed toward the integration of the child into the parental home.

REGARDING THE MOTHER

1. The mother, Monica Green, has failed to comply with the plan referenced in paragraph 3., above, or, in the alternative, complied with the plan but failed to adjust her circumstances to meet the needs of the child.  Professionals in the case report the following orders of the court and compliance information regarding Monica Green:

1

a.  That the parents shall contact the CSO once per month and whenever there is a change of address of telephone number – *Ms. Green has not contact the CSO once per month.*

b.  That the parents shall obtain and maintain stable housing and income and provide verification – *Ms. Green has provided a letter verifying that she gets $750 from SSI per month. Ms. Green has not provided current verification on housing. She provided a one-year lease that expired in May.*

c.  That visitation shall be at the discretion of KVC – *Ms. Green is sporadic in her visit attendance and often cancels, sometimes skipping three visits in a row and not seeing . A.G. for a month.*

d.  That the natural mother shall abide by the recommendation of the initial assessment

  i.  That the natural mother shall participate in a mental health assessment and follow recommendations – *The natural mother has not provided verification of a completed mental health assessment.*

  ii.  That the natural mother shall participate in a substance abuse assessment and follow recommendations – *Ms. Green completed a RADAC assessment on 2/14/18 and was diagnosed with alcohol use disorder. She was recommended group and individual therapy. She began attending therapy at Heartland RADAC. Ms. Green requested discharge from treatment and was released on 7/2/18. the discharge report stated that she had not attended treatment in the last three weeks and struggled with recovery. Ms. Green completed 31 hours of group therapy and one hour of individual therapy.*

e. that the natural mother shall participate in random negative and timely UA's and BA's at the request of the CSO and/or KVC – *Ms. Green has not responded to most UA requests from KVC and the CSO. She completed UAs positive for cocaine on 10/3/17, 2/7/18, 3/14/18, and a UA positive for cocaine and alcohol on 6/20/2018. Ms. Green only negative UAs were completed over 8 months ago on 8/3/17, 10/26/17, 11/13/17.*

f. That the natural mother shall resolve all legal matters and abide by the recommendations – *Ms. Green was cited for a DUI, transporting an open container of alcohol and driving with a suspended license on 6/1/17. She had six warrants out for her arrest. Ms. Green has provided no verification that she has resolved all legal matters.*

2. But even if the Court finds that the mother has substantially complied with the plan referenced in paragraph 3., above, multiple negative reunification factors exist to militate against reintegration:

a. Ms. Green did not believe *A.G.* k when he disclosed that his maternal grandfather sexually abused him. She initially would not allow him to be interviewed alone about the incident and answered most questions for him. When *A.G.* was interviewed about the incident alone he disclosed that she had threatened him with physical punishment if he "talked about certain things" and would not talk about the incident. Ms. Green has engaged in conduct toward the child of a physically, emotionally or sexually cruel or abusive nature (K.S.A. 38-2269(b)(2));

b. Ms. Green was diagnosed with alcohol use disorder when she completed her RADAC assessment in February and was recommended individual and group

therapy. Ms. Green requested a discharge from treatment on July 2, after failing to regularly attend, and only completing one hour of individual therapy. She tested positive for cocaine multiple times since . A.G. was taken out of the home, yet she denies cocaine use and insists it is due to faulty tests, even when these tests are reaffirmed.  Ms. Green engages in the excessive use of intoxicating liquors or narcotic or dangerous drugs of such duration or nature as to render parent unable to care for the ongoing physical, mental or emotional needs of the child, (K.S.A. 38-2269(b)(3));

c.  Ms. Green failure to believe or protect A.G. after he disclosed sexual abuse to his grandmother constitutes physical, mental or emotional neglect of the child (K.S.A. 38-2269(b)(4));

d.  KVC has provided Ms. Green with resources and assistance to complete court orders. Even with these resources and assistance Ms. Green has failed to make progress on her court orders in months. There has been a failure of reasonable efforts by appropriate public or private child caring agencies to rehabilitate the family (K.S.A. 38-2269(b)(7));

e.  Ms. Green did not successfully complete treatment for substance abuse, she continues to either avoid UAs or to test positive for cocaine and alcohol. She has failed to provide verification of housing, or of a mental health assessment and attends visits irregularly. Ms. Green inconsistency has inhibited her ability to start family therapy with Angellik. Ms. Green has demonstrated a lack of effort to adjust her circumstances, conduct or conditions to meet the needs of the child (K.S.A. 38-2269(b)(8));

4

A.G.

f.          has been out of the home for more than 11 months. Ms. Green has failed

to keep in contact with the CSO and has not verified stable housing or completion

of a mental health assessment. She has not verified that she resolved all legal

matters. Ms. Green was discharged from substance abuse treatment and continues

to test positive for cocaine and alcohol.  A.G.  has been in extended out of home

placement as a result of actions attributable to the parent and the mother has failed

to carry out a reasonable plan approved by the court directed toward the integration

of the child into the parental home (K.S.A. 38-2269(b)(9) and (c)(3));

REGARDING THE FATHER/PUTATIVE FATHER(S)

4.  Michael Vassar is the child's father.

a.  The court found that Michael Vassar was  A.G.  's father on November
13, 2017.

5.  The father, Michael Vassar, has failed to comply with the plan referenced in paragraph 3.,

above, or, in the alternative, complied with the plan but failed to adjust his circumstances

to meet the needs of the child.  Professionals in the case report the following orders of the

court and compliance information regarding Michael Vassar:

a.  That the parents shall contact the CSO once per month and whenever there is a
change of address or telephone number – *Mr. Vassar has not been in contact with
the CSO once per month.*

b.  That the parents shall obtain and maintain stable housing and income and provide
verification – *Mr. Vassar has not provided verification of income or housing.*

c.  That visitation shall be at the discretion of KVC – *Mr. Vassar has not visited*
A.G.

5

    d.  That the natural father shall participate in a psychosocial assessment and abide3 by the recommendations – *Mr. Vassar has not provided verification of a completed psychosocial assessment.*

6.  Mr. Vassar came to one court hearing on November 13, 2017. He has not stayed in contact with the CSO or KVC.

    a.  Professionals have no verification of Michael Vassar's completion of any of the court orders (K.S.A. 38-2269(c)(3)).

    b.  Michael Vassar has not visited the child through the pendency of the case (K.S.A. 38-2269(b)(4) and (c)(2)).

REGARDING BOTH PARENTS

1.  Based upon the above and foregoing, Monica Green, mother, and Michael Vassar, father of *A.G.*, are each an unfit parent by reason of conduct or condition which renders the parent unable to care properly for a child, and the conduct or condition is unlikely to change in the foreseeable future (K.S.A. 38-2269(a)).

2.  Also based upon the above and foregoing, reintegration is not a viable alternative and termination of parental rights is in the best interest of the subject child (K.S.A. 38-2269(g)).

**WHEREFORE,** the State requests that the Court sustain this Motion and enter an order terminating the parental rights of Monica Green, mother, and Michael Vassar, father, in and to their minor child.

6

Respectfully submitted,

ASHLEY HUTTON #24242
Assistant District Attorney
Wyandotte County Justice Complex
710 N. 7th Street
Kansas City, Kansas 66101
(913) 573-2973

7

## NOTICE OF HEARING

TO:   James Carpenter _____, Guardian ad Litem,

Monica Green _____, mother,

James Yoakam _____, mother's attorney,

Michael Vasser _____, father,

Shane Rockey _____, father's attorney

Please take note that the above and foregoing Motion shall be heard before the Honorable

Daniel Cahill, Judge of the District Court of Wyandotte County, Kansas, Division Number 14, 711

Armstrong, Kansas City, Kansas, on the 5th day of November 2018, at 1:30 o'clock  a.m.

ASHLEY HUTTON
Assistant District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion for Termination of Parental Rights,
by email, designated for the following attorneys:  James Carpenter, Guardian ad Litem, James
Yoakum, attorney for mother, Shane Rockey, attorney for the putative fathers on the 31ˢᵗ  day
of August, 2018.

ASHLEY HUTTON
Assistant District Attorney

8