**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MONICA GREEN,          )
                                    )
                 Plaintiff,    )
v.                               )          Case No. 19-cv-2359-KHV-TJJ
                                    )
KANSAS CITY JUVENILE COURT,    )
                                    )
                 Defendant.   )

## <u>ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE</u>

**TO THE PLAINTIFF:**

Plaintiff commenced this action pro se on July 1, 2019, by filing a Complaint (ECF No. 1) naming Kansas City Juvenile Court as Defendant. Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) with an attached affidavit of financial status. The affidavit shows that Plaintiff is unemployed, has no dependents or real property, receives $730.00 monthly in Social Security benefits, owns a car worth $1,000.00, has no cash on hand or savings, and her monthly obligations total $885.00. Based on the submitted affidavit, the Court grants Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As a result, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim on which relief may be granted.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[1] While

---

[1] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

1

such review may occur at any time and the Court is not obligated to conduct the review before service of process,[2] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Plaintiff claims this court has jurisdiction over her claims on the basis of diversity of citizenship and because of a civil rights violation. In the statement of her claim, Plaintiff alleges that Defendant committed the intentional torts of defamation of character, libel, slander, and intentional infliction of emotional distress. Plaintiff's allegations apparently are related to proceedings that followed a motion to terminate Plaintiff's parental rights filed by a Wyandotte County, Kansas Assistant District Attorney.

Other than checking the box on the complaint form indicating that federal court jurisdiction is founded on the basis of an alleged civil rights violation, Plaintiff makes no

---

[2] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[3] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

mention of civil rights. Plaintiff's complaint does not allege how her civil rights were violated, nor does it articulate what protected right Defendant allegedly violated. In the absence of additional facts linking the alleged events to a protected federal civil right in a way that clarifies Plaintiff's claim, Plaintiff has not raised a right to relief above the speculative level.

It appears this court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine.[7] The doctrine is analyzed under a two-prong test: "(1) whether the state court's proceedings were judicial in nature, and (2) if so, whether the plaintiff's claims seek direct review of the state court decision or are so inextricably intertwined with the state court proceedings as to make the adjudication of the plaintiff's claims an impermissible review of state judicial proceedings."[8] Based on the allegations of the Complaint and the state court documents attached as exhibits thereto, it appears likely that Plaintiff's claims are so inextricably intertwined with a proceeding in the Juvenile Department of the District Court of Wyandotte County, Kansas that this court may not adjudicate Plaintiff's claims.

Moreover, even if the court has subject matter jurisdiction, the abstention doctrine described by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), may apply to prevent this court from exercising its jurisdiction over the claims asserted in the Complaint. "*Younger* abstention is appropriate when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the

---

[7] The doctrine derives its name from two United States Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[8] *Johnson v. State of Kan.*, 888 F. Supp. 1073, 1081 (D. Kan. 1995), aff'd, 81 F.3d 172 (10th Cir. 1996).

state proceedings to raise federal questions."[9]  The basis for this abstention is the Supreme

Court's "longstanding policy against federal court interference" in state court matters.[10]  It

appears from the face of the Complaint that a case involving Plaintiff may be open in the

Juvenile Department of the District Court of Wyandotte County, Kansas—a state court—and

Plaintiff would have the opportunity to raise her claim in that proceeding.  The three *Younger*

requirements may be present, and Plaintiff should be required to demonstrate why this court

should not abstain from hearing Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without

Prepayment of Fees (ECF No. 3) is hereby granted, but the Court withholds service of process

pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause

set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in

writing to the Honorable Kathryn H. Vratil, United States District Judge, on or before **July 26,**

**2019**, why this action should not be dismissed for failure to state a claim upon which relief may

be granted and lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 10th day of July, 2019.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510 (D. Kan. 1996) (internal citations omitted).

[10] *Younger*, 401 U.S. at 43-44.