# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MONICA GREEN,               )
                            )
            Plaintiff,      )
                            )
v.                          )   Case No. 19-cv-2359-KHV-TJJ
                            )
KANSAS CITY JUVENILE COURT, )
                            )
            Defendant.      )

## ORDER DENYING MOTION
## FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding pro se and *in forma pauperis*,[1] filed this action arising out of a proceeding in the Juvenile Division of the District Court of Wyandotte County, Kansas in which she is a party. Plaintiff asserts Defendant committed intentional torts of defamation of character, intentional infliction of emotional distress, slander, and libel. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent her in this case and has listed six attorneys, law firms, or government agencies she contacted regarding legal representation in this matter, none of whom was willing to represent Plaintiff.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to

---

[1] *See* Order Granting Leave to Proceed *In Forma Pauperis* and Order to Show Cause (ECF No. 6).

[2] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

Reviewing the Civil Complaint and the present motion under the above-referenced factors, the Court finds that Plaintiff's motion for the appointment of counsel should be denied. With regard to the first factor, the Court finds that although it lacks sufficient information to fully assess the merits of Plaintiff's claims, it is not clear this Court has subject matter jurisdiction over her claims. A review of the pleading and motion filed to date by Plaintiff show that she has the ability to present her claims and adequately communicate the facts upon which her claims are based. If this Court does have subject matter jurisdiction to hear Plaintiff's claims, the legal issues may be relatively straightforward.

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Where the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time. In addition, the Court notes that it has a very limited pool of

---

[3]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[4]*Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

volunteer attorneys from whom it may appoint counsel. The Court therefore declines to appoint counsel for Plaintiff under 28 U.S.C. § 1915(e)(1) at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice to Plaintiff filing a similar motion, if she survives summary dismissal.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 10th day of July, 2019.

Teresa J. James
U. S. Magistrate Judge